UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. MCCARTHY,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS INC., et al.,<br><br>Defendants. | Case No. 25-cv-00862-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING AS MOOT MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. Nos. 35, 68 |

This matter comes before the Court upon consideration of the motions to dismiss and to stay discovery filed by Meta Platforms, Inc. ("Meta") and Mark Zuckerberg ("Mr. Zuckerberg") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case and HEREBY GRANTS Meta's motion to dismiss and DENIES AS MOOT the motion to stay discovery.

**BACKGROUND**

Plaintiff Steven M. McCarthy ("Mr. McCarthy") alleges that he was an active user of Facebook for many years. (First Amended Complaint ("FAC") ¶ 17.) Mr. McCarthy describes himself as an "armchair historian" and alleges that he would post political cartoons to his Facebook account, including two that are reproduced in his Complaint. (*Id.* ¶¶ 18-19.) Mr. McCarthy contends that after he posted those two cartoons, Defendants disabled his account. (*Id.* ¶¶ 20-22, 26-27.)

Mr. McCarthy asserts claims for alleged violations of his First Amendment rights to freedom of speech and freedom of association, conversion, trespass to chattels, negligence, and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Mr. McCarthy

1

also seeks a declaration that Section 230 of the Communications Decency Act is unconstitutional.

The Court will address additional allegations as necessary in the analysis.

A. **Applicable Legal Standards.**

On a Rule 12(b)(6) motion, the Court assumes "that all the allegations in the complaint are true[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation to provide the "grounds" of their "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] … Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

B. **The Court Grants Meta's Motion to Dismiss.**

1. **The Court Dismisses the State Law Claims.[1]**

Mr. McCarthy does not address Defendants' arguments relating to his conversion, negligence, and trespass to chattels claims. The Court has independently reviewed those claims. Mr. McCarthy fails to allege any facts to show Defendants' actions were "wrongful," which precludes him from stating a conversion claim. *See, e.g., King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 792 (N.D. Cal. 2021) (granting motion to dismiss conversion claim on basis that the defendant was not obliged to retain content associated with the plaintiff's account). He also fails to allege that Defendants owed him any duty of care, an essential element of his negligence claim. *See id.* at 786. In his claim for trespass to chattels, Mr. McCarthy alleges Defendants deprived him of "his political cartoons" but also alleges he has shared those images in other media. (FAC ¶ 54.) The tort of "trespass to chattels lies where an intentional interference with the possession of personal property has proximately caused injury." *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1351 (2003) (cleaned up). Mr. McCarthy's allegations are insufficient to plausibly allege Defendants' conduct amounts to trespass to chattels.

---

[1] Mr. McCarthy alleges the Court has subject matter jurisdiction based on a federal question and based on diversity.

Defendants also argue that the FDUPTA claim should be dismissed because California law governs the parties' relationship and, even if it did not, McCarthy fails to state a claim. McCarthy's only argument in response is that Meta's terms of service are unconscionable. (*See* Dkt. No. 44, Opp. Br. at 9-10.) Those arguments were rejected in conjunction with Defendants' motion to transfer, and Mr. McCarthy has not presented the Court with anything that would require revisiting that decision. (Dkt. No. 45, Order Granting Motion to Transfer at 3-5).) In addition, McCarthy alleges that Defendants violated Florida Statute 501.2041(2), which provides for a private right of action only for violations of subparagraphs 2(b) and (2)(d)(1). Fla. Stat. 501.2041(6).

Accordingly, the Court GRANTS Meta's motion to dismiss each of the state law claims.

## 2. The Court Dismisses the First Amendment Claims.[2]

The First Amendment "'prohibits only governmental abridgment of speech' and 'does not prohibit private abridgment of speech.'" *Children's Health Defense v. Meta Platforms, Inc.*, 112 F.4th 742, 753 (2024) ("*CHD*") (quoting *Manhattan Cmty. Access Corp. v. Halleck,* 507 U.S. 802, 808 (2019)). Defendants argue these claims must be dismissed because Mr. McCarthy fails to allege any governmental action. The Court agrees.

In *CHD*, the court noted that private parties will be considered federal actors only in "exceptional cases" and addressed the requirements necessary to establish private parties are federal actors. Those requirements are:

> (1) the "state policy" requirement and (2) the "state actor" requirement. …
>
> To satisfy the state policy requirement, the alleged constitutional deprivation must result from the exercise of some right or privilege created by the State or a rule of conduct imposed by the State or by a person for whom the State is responsible. …
>
> To satisfy the state actor requirement, the party must fairly be said to be a state actor, which requires that it meet one of four tests: (1) the private actor performs a traditionally public function, …; (2) the

---

[2] Mr. McCarthy argues his First Amendment claims arise under Section 1983 but his claims are focused on federal government actors. Accordingly, the Section 1983 claims should be construed as claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

3

>private actor is a willful participant in joint activity with the government, …; (3) the government compels or encourages the private actor to take a particular action, …; or (4) there is a sufficiently close nexus between the government and the challenged action[.]

*Id.* (internal citations and quotations omitted).

Mr. McCarthy's allegations relating to both the state policy and state actor prongs are insufficient under *CHD* to plausibly allege that the government is responsible for Defendants' decision to disable his account. *See id.* at 754.  For example, Mr. McCarthy does not sufficiently allege that that his account was disabled based on a state policy, rather than Defendants' terms of service.  Although he vaguely alleges that congressional legislators, the Department of Health and Human Services, and the Center for Disease Control urged Defendants to engage in censorship through "threatened detrimental legislation," fails to include any facts about those threats or how they connect to his posts.  (FAC ¶ 16.)  Mr. McCarthy also alleges that the protections Defendants are afforded by the Communications Decency Act support the inference that they can be considered federal actors.  However, the Ninth Circuit rejected that theory in *CHD*.  *CHD,* 112 F.4th at 761-63.

Because the Court concludes Mr. McCarthy fails to allege facts to satisfy the tests articulated in *CHD*, the Court GRANTS the motion to dismiss the First Amendment claims.

## C.     The Court Dismisses the Declaratory Judgment Claim.

Mr. McCarthy also sought a declaration that Section 230(c) of the Communications Decency Act is unconstitutional but did not address this claim in his opposition.  Mr. McCarthy raised this issue in anticipation of Defendants' reliance on Section 230(c) to defend against his claims.  Because the Court has disposed of his claims on other grounds, the Court does not reach this argument and dismisses the claim on that basis.  *Cf. Huber v. Biden*, No. 21-cv-6580, 2022 WL 8272428, at *10 (N.D. Cal. Mar. 18, 2022) (dismissing declaratory relief claim regarding constitutionality of Section 230 on similar grounds).

## D.     The Court Denies Leave to Amend.

In general, the Court should grant leave to amend.  Mr. McCarthy amended his claims

once as a matter of right, and the arguments raised by Defendants demonstrate that further amendment would be futile. *See* Fed. R. Civ. P. 15. Accordingly, the Court will dismiss the claims with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and dismisses Mr. McCarthy's claims with prejudice. In light of this ruling, the Court DENIES the motion to stay discovery as moot and VACATES the case management conference.

The Court shall issue a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 28, 2025

_____
JEFFREY S. WHITE
United States District Judge